DA 12-0114

IN THE SUPREME COURT OF THE STATE OF MONTANA

2012 MT 217N

JIMMY A. AXELSON and JIMMY A. AXELSON
AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF LORRAINE M. AXELSON; RALPH
RUHBECK and LAURA RUHBECK, husband
and wife; and, JEANETTE HOFER and VERNON L.
HOFER, as Co-trustees for the "HOFER
IRREVOCABLE TRUST,"

        Plaintiffs and Appellants,

    v.

VICKI L. HARRIS and BUDD HARRIS, husband
and wife, and KEVIN JAMES WINETEER, JIM
WINETEER and ELEANOR WINETEER, husband
and wife; and JOHN DOE 1,

        Defendants and Appellees.

_____

KEVIN JAMES WINETEER,

        Plaintiff and Appellee,

    vs.

JIMMY A. AXELSON and JIMMY A. AXELSON
AS PERSONAL REPRESENTATIVE OF THE
ESTATE OF LORRAINE M. AXELSON; RALPH
RUHBECK and LAURA RUHBECK, husband
and wife; and JEANETTE HOFER and VERNON L.
HOFER, as Co-trustees for the "HOFER
IRREVOCABLE TRUST," and JOHN DOES 1-5,

        Defendants and Appellants.

_____

APPEAL FROM:    District Court of the Fourteenth Judicial District,
              In and For the County of Musselshell, Cause No. DV-08-95
              In and For the County of Golden Valley, Cause No. DV 09-02
              Honorable Gary L. Day, Presiding Judge

COUNSEL OF RECORD:

For Appellants:

    Floyd A. Brower, Brower Law Firm, Roundup, Montana

For Appellees:

    William A. D'Alton, D'Alton Law Firm, P.C., Billings, Montana

              Submitted on Briefs: September 12, 2012
                      Decided: October 2, 2012

Filed:

_____
             Clerk

Justice Brian Morris delivered the Opinion of the Court.

¶1     Pursuant to Section I, Paragraph 3(d), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2     Appellants Jimmy A. Axelson and Jimmy A. Axelson as personal representative of the Estate of Lorraine M. Axelson, Ralph Ruhbeck and Laura Ruhbeck, husband and wife, and Jeanette Hofer and Vernon L. Hofer, as co-trustees for the Hofer Irrevocable Trust (collectively Axelsons) appeal the District Court's findings of fact, conclusions of law, and order denying Axelsons' claim for injunctive relief, denying Axelsons' request for a restraining order, denying Axelsons' trespass charge, denying Axelsons' claim for emotional distress, and denying Axelsons' claim for punitive damages. We affirm.

¶3     Reforestation, Inc., a Washington corporation, purchased large tracts of land in Montana that it subdivided into tracts of aliquot parts generally from 10 to 40 acres each. Reforestation purchased property in Musselshell County and Golden Valley County and divided the acreage into 96 aliquot parts. These properties became known as the NI Properties. Reforestation created a blanket easement for the NI Properties on October 30, 1972, through the following granting language:

> and their successors and assigns, an easement for road purposes for ingress and egress, over and across all roads presently existing or heretofore reserved by the grantor herein in deeds executed and to be placed of record, or already of record within the above described property. Said easement to be for the benefit of and appurtenant to each and every part of the subject legal description.

3

¶4    Axelsons own various parcels in NI Properties that range from Golden Valley County to Musselshell County.  The predecessor in interest of Appellees Kevin James Wineteer, Jim and Eleanor Wineteer, husband and wife, and Vicki L. Harris and Budd Harris, husband and wife (collectively Wineteers), purchased NI 47 from Reforestation in 1970 through a deed that reserved an easement over all existing roads in the subdivision.  Wineteers' predecessor in interest recorded this deed in Golden Valley County on October 3, 1975.  Succeeding deeds clarified that the property was subject to the reservation of access on all "existing roads."

¶5    A dispute arose between Axelsons and Wineteers regarding whether the "Bundy Road/Wineteer Driveway" was a road in existence as of February 1970.  Wineteers took the position that Bundy Road never went all the way through NI 47, and, as a result, Wineteers referred to the disputed road as the "Wineteer Driveway."  Axelsons took the position that a continuous road, the "Bundy Road," existed from U.S. Highway 12 south to and through Wineteers' property and to various other tracts of the NI Properties.

¶6    The parties eventually litigated the matter to resolve the status of the disputed roadway and ancillary matters.  The District Court conducted a trial after which it found that Bundy Road had been in existence as of February 1970 and therefore is available for use by all the parties.  The court found the right to travel across the existing roads must be consistent with the use made of the road to date.  The court declined to specify the width of the easement along Bundy Road other than the width in existence as of 1970.  The court denied Axelsons' request for injunctive relief, but the court's determination that Bundy Road

4

qualified as an existing road as of 1970 meant that no party could interfere with another party's use of the existing road.

¶7 The court further determined that Wineteers owed damages in the amount of $2,500 to Axelsons for Wineteers' unwarranted and unnecessary interference with the use of the road by leaving a waterline trench open for approximately 90 days. In turn, the court found that Axelsons owed Wineteers $4,000 for the remediation of a driveway that had been placed improperly. The court further found that Axelsons owed Wineteers $1,000 to remediate a portion of a driveway that had been placed outside the 100-foot limit. The court also dismissed Axelsons' request for punitive damages. The court entered further findings and conclusions in its order not subject to this appeal. Axelsons appeal.

¶8 Axelsons argue on appeal the District Court incorrectly concluded that Reforestation did not intend to reserve a 60-foot easement over all the tracts. Axelsons argue the court should have set a minimum width on Bundy Road that comported with state law. Axelsons further contend that the District Court mistakenly determined that the driveway had to be moved and that the cost of remediation in the amount of $1,000 had to be paid to Wineteers. Axelsons further argue the District Court improperly dismissed their request for punitive damages.

¶9 We review for clear error a district court's findings of fact. *Pastimes, LLC. v. Clavin,* 2012 MT 29, ¶ 18, 364 Mont. 109, 274 P.3d 714. We review for correctness a district court's conclusions of law. *Blanton v. Dept. of Public Health and Human Services*, 2011 MT 110, ¶ 20, 360 Mont. 396, 255 P.3d 1229. We have determined to decide this case pursuant to Section I, Paragraph 3(d), of our 1996 Internal Operating Rules, as amended in

2006, that provide for memorandum opinions. It is manifest on the briefs and record before us that substantial evidence supports the District Court's findings of fact and that the District Court correctly applied the law to those facts.

¶10 Affirmed.

/S/ BRIAN MORRIS

We Concur:

/S/ MIKE McGRATH
/S/ PATRICIA COTTER
/S/ BETH BAKER
/S/ JIM RICE